MUTUAL RICE Co., INC., Plaintiff and Appellant, v. HEIRS OF MIGUEL TRUYOL, Defendant and Appellee.

No. 6992. Argued November 6, 1936.—Decided July 16, 1937.

*Besosa & Besosa* for appellant. *T. Bernardini de la Huerta* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff and appellant sued upon a supposed contract executed between the parties to this action. The defendants, heirs of the supposed purchaser Miguel Truyol, denied the existence of the contract. The District Court of Guayama rendered judgment for the defendants.

The essence of the defense was that the plaintiff entered into negotiations with Truyol for the sale of rice; that all the terms of the proposed sale were agreed upon but the contract was never consummated. According to defendants and the court there was simply a proposition for sale to be ratified by the plaintiff and such ratification never took place.

More specifically, the defendants alleged and the court had a right to believe, and essentially, as found by it, did believe that on March 6, 1926, Roses & Co., Succrs., through their agent P. Calderón, and in representation of the plaintiff firm transmitted to the defendant a proposition to sell 400 pockets of rice at $5.70 per pocket, and on that date, and in order to perfect such proposition, they signed the document customarily used by Roses & Co. for such transactions, which contained the general conditions of the proposition, and in addition thereto recited that the parties would be bound by the rules of the Chamber of Commerce of Puerto Rico and by the Rice Millers' Association contract, such proposal being signed by the agent, and the ticket which was affixed thereto, and which did not specify the terms, by Miguel Truyol, subject to the eventual final confirmation by the plaintiff; that more than 15 days elapsed without any communication to the defendant from either Roses & Co., its agent, or the plaintiff; that such action is contrary to business custom in Puerto Rico and to the rules of our Chamber of Commerce, according to which offers to buy shall be open when in the hands of the seller for only 48 hours and must be finally accepted within that time; that on the 24th of March, Roses & Co. inquired by letter concerning the proposition, and the defendant, notwithstanding the fact that his

offer had not been confirmed, answered that he would be inclined to accept if the rice was guaranteed for 30 days after arrival; and that such offer was never accepted or answered.

 The first and crucial error assigned attacks the court's conclusion that plaintiff failed to justify the perfection of a contract on March 24, 1926, as alleged in the complaint. The plaintiff lays great stress on the fact that the court never insisted that the defendant produce the original contract of March 24, 1926. It is true that the "ticket" or stub which was presented in evidence by the plaintiff recited:

"'This represents our contract No. 1202 between the Mutual Rice Mill Co., vendor, and Miguel Truyol, purchaser, the original of which, in ink, is the only copy, and the purchaser, who signs below, binds himself to display it whenever he should so be requested to by the vendor or its representative. Signed: Miguel Truyol. Purchaser's signature.''

The defendant and his attorney, throughout the entire case, maintained that they had no such document in their possession. They were corroborated by Pablo Calderón, the representative who dealt directly with Miguel Truyol. The evidence definitely showed that the first load of rice destined for the fulfillment of the alleged contract was shipped on March 22, 1926. This would tend to support the defendant's theory that the transaction in question was discussed prior to March 24, 1926 and indeed to rebut the proposition that the contract was entered into on that later date. If this was so, the court was justified in believing that the defendant did not possess a contract dated March 24, 1926, and consequently in not ordering him to produce it.

 From the evidence it appears that according to the Rice Millers' Association contract in force at the time, and which, it is admitted, governed the transaction of the parties, agreements to purchase rice were not binding on the seller until they were accepted and confirmed by him in writing or by cable. Such confirmation was not proved in the present case. When the plaintiff's agent, José González Torres was

asked about such confirmation and why he had not brought the proper evidence to court, he answered that he had never been requested to do so by the opposite party. The burden of proving the contract was on the plaintiff and there is no evidence, beyond the oral statement, that there was ever an acceptance.

We must not forget that P. Calderón, the actual agent of Roses & Co., which in turn represented the plaintiff herein, testified that the confirmation had never come through and that the offer was made on March 6, 1926. The trial court believe that witness in spite of his apparent reluctance to testify when cross-examined by the plaintiff.

The explanation of the transaction given by the plaintiff's agent, José González Torres, is unsatisfactory. He attempted to say that the contract which corresponds to the stub presented in evidence by the plaintiff was the final contract. He then declares that it was subject to confirmation from his principals. He affirms that there was a contract but cannot say when it was perfected, does not present documentary evidence of the acceptance and in general is rather uncertain about the whole matter.

A letter from Roses & Co. is discussed but it plainly was not an acceptance.

Most of the other errors need not be considered. The fourth one, however, should be. The court was mistaken in holding that plaintiff could not sue on the alleged contract because it had not obtained permission to do business in Puerto Rico. Individual contracts from outside firms do not constitute ''doing business in Puerto Rico.'' *Ismert Hinke Milling Co.* v. *Muñoz*, 37 P.R.R. 762. Otherwise all mail orders would be prohibited.

The judgment should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.